**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ONLYWIRE, LLC, | |
| Plaintiff, | |
| v. | CASE NO. _____ |
| SPROUT SOCIAL, INC. | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff OnlyWire, LLC ("OnlyWire") complains of Defendant Sprout Social, Inc. ("Sprout") as follows:

## THE PARTIES

1.      OnlyWire is an Illinois limited liability company having a place of business located in Chicago, Illinois.  OnlyWire is a technology and social media services company.  Its core product is a social media engine that submits content and status posts to social networks such as Twitter, Facebook, and LinkedIn, among others.  OnlyWire's development efforts have resulted in patented technology in the field of automated content distribution.

2.      Sprout is an Illinois corporation having a place of business located at 30 North Racine Avenue, Suite 110, Chicago, Illinois 60607.  Sprout owns, operates and conducts business through the website http://sproutsocial.com, and related URLs.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  The Court has original subject matter

jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      Sprout has conducted business in this District and has committed acts of infringement in this District.   Such activities include soliciting, advertising, offering subscription-based access to and/or using infringing methods and systems, either directly or through intermediaries and agents, within this District.  Sprout has purposefully availed itself of the privilege of conducting business with residents of this District including at least users of the http://sproutsocial.com website, has established sufficient minimum contacts with the State of Illinois such that it should reasonably and fairly anticipate being brought into court in Illinois, and has purposefully reached out to residents of Illinois by and through its website, http://sproutsocial.com.

5.      Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b). Sprout is subject to personal jurisdiction in this District and has committed acts of infringement in this District.

## SPROUT'S INFRINGEMENT OF THE PATENT-IN-SUIT

**A.      The Patent-in-Suit**

6.      United States Patent No. 8,359,352 ("the '352 patent") was duly and legally issued by the United States Patent and Trademark Office on January 22, 2013.  A copy of the '352 patent is attached hereto as Exhibit A.

7.      OnlyWire owns all right, title and interest in, and has standing to sue for infringement of, the '352 patent.

**B.      Infringement of the Patent-in-Suit**

8.      Sprout provides a social media management application through its website, http://sproutsocial.com.

9.      Sprout owns the website http://sproutsocial.com.

10. Sprout operates the website http://sproutsocial.com.

11. Sprout uses servers to provide its website http://sproutsocial.com and related URLs.

12. Sprout provides its website http://sproutsocial.com to the public via the Internet.

13. Sprout's web application integrates with multiple social networks including Twitter, Facebook and LinkedIn, among others.

14. Sprout's web application integration enables end-users of Sprout's web application to arrange for the simultaneous publication of content across multiple social networks. See, e.g., http://sproutsocial.com/features/social-media-publishing.

15. Sprout submits content to multiple social networks including Twitter, Facebook and LinkedIn, among others, on behalf of its customers.

16. Sprout generates revenue from the operation of its web application by selling subscriptions for access to the web application to end-users.

17. Sprout generates profits from the operation of its web application by selling subscriptions for access to the web application to end-users.

18. Current subscription packages being offered by Sprout include "Standard" ($39 per user/month), "Deluxe" ($59 per user/month) and "Premium" ($99 per user/month) plans.

19. In conjunction with the operation of its web application, Sprout has engaged in, and continues to be engaged in, the use of methods and systems which infringe the '352 patent.

**C.    Notice**

20. OnlyWire practices the inventive technologies of the '352 patent through the services offered at OnlyWire's website, https://www.onlywire.com.

21. OnlyWire's website, https://www.onlywire.com, is marked with the '352 patent in

satisfaction of 35 U.S.C. § 287(a).

22.     Sprout's infringement has occurred with knowledge of the '352 patent.

23.     Sprout was given actual notice of the '352 patent on or about April 24, 2013 when OnlyWire's legal counsel sent a letter regarding the '352 patent to Sprout.

24.     OnlyWire's April 24, 2013 letter to Sprout expressly informed Sprout of OnlyWire's belief that Sprout was infringing the '352 patent.

**COUNT I**
**INFRINGEMENT OF THE '352 PATENT**

25.     OnlyWire re-alleges and incorporates by reference each and every allegation set forth in the proceeding paragraphs 1-24 as if fully set forth here.

26.     In conjunction with the operation of its web application made available via the http://sproutsocial.com website, Sprout has infringed and continues to infringe at least claims 1 and 11 of the '352 patent through, among other activities, using methods and systems for submitting content on behalf of clients to multiple service providers, either directly or through intermediaries and agents, that employ the inventions of the '352 patent within the meaning of 35 U.S.C. § 271(a).

27.     Sprout has indirectly infringed and continues to indirectly infringe at least claim 1 of the '352 patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of that claim.  Sprout has known about the '352 patent and its infringement since at least April 24, 2013 when OnlyWire wrote to Sprout and provided such notice.  Sprout has knowingly and actively induced infringement of at least claim 1, for example, through the foregoing activities including, without limitation, using methods for submitting content on behalf of clients to multiple service providers, and by performing itself and/or instructing, aiding, assisting, encouraging, causing and urging the performance by others such as its customers, its partners

and its end-users of the steps of the claimed method in a manner that infringes at least claim 1 of the '352 patent. Thus, Sprout knew of the '352 patent, performed itself and/or induced the performance of the steps of the method claimed in at least claim 1 of the '352 patent, and those steps were performed by Sprout and its customers, partners and end-users.

28. Sprout has also indirectly infringed and continues to indirectly infringe at least claim 11 of the '352 patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of that claim. Sprout has known about the '352 patent and its infringement since at least April 24, 2013 when OnlyWire wrote to Sprout and provided such notice. Sprout has knowingly and actively induced infringement of at least claim 11, for example, through the foregoing activities including, without limitation, using systems for submitting content on behalf of clients to multiple service providers, and by instructing, aiding, assisting, encouraging, causing and urging others such as its customers, its partners and its end-users to put the system of claim 11 of the '352 patent into service and obtain benefit from it. Thus, Sprout knew of the '352 patent, induced the use of the system claimed in at least claim 11 of the '352 patent, and the system was put into service by its customers, partners and end-users.

29. As a direct and proximate result of Sprout's infringement, OnlyWire has suffered, and will continue to suffer, serious irreparable injury for which OnlyWire is entitled to recover damages adequate to compensate it for such infringement, but, in no event, less than a reasonable royalty.

30. Sprout's infringement of the '352 patent has injured and will continue to injure OnlyWire unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining Sprout's further use of the products, services and technologies that infringe the claimed methods and systems of the '352 patent.

31.    Sprout's infringement has been willful, deliberate and objectively reckless in violation of 35 U.S.C. § 284.  This infringement continues today despite an objectively high likelihood that Sprout's actions constitute infringement of the '352 patent.  This objectively high likelihood of infringement was either known to Sprout, or so obvious that it should have been known to Sprout.  Sprout has failed to adequately respond to OnlyWire's allegations of infringement and has not taken necessary steps to avoid infringement.   Sprout has not presented any competent advice of counsel upon which it has relied, nor has it presented any reasonable defense of non-infringement, invalidity or unenforceability.   Instead, Sprout has continued to infringe the '352 patent, in an objectively reckless manner, with complete, willful and deliberate disregard of OnlyWire's rights in the '352 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, OnlyWire respectfully requests that this Court enter judgment in its favor and against Sprout and its respective subsidiaries, affiliates, assumed business entities, agents, servants, employees and all persons in active concert or participation with Sprout and grant the following relief:

A.    Adjudge and decree that Sprout has been and is currently infringing the '352 patent;

B.    Award damages to OnlyWire to compensate OnlyWire for each of Sprout's unlawful actions set forth in OnlyWire's complaint.

C.    Adjudge and decree that Sprout's infringement of the '352 patent has been willful, and award damages for such willful infringement pursuant to 35 U.S.C. § 284;

D.    Award prejudgment interest on all damages awarded to OnlyWire from the date Sprout's infringement of the '352 patent began;

E.    Determine that this patent infringement case is exceptional and award OnlyWire

its costs and attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285;

      F.      Enter a permanent injunction prohibiting Sprout's further infringement of the '352

patent; and

      G.      Award OnlyWire such other relief as the Court deems just and proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

OnlyWire respectfully requests a trial by jury on all the issues triable thereby.


Dated:  June 20, 2013                  Respectfully submitted,

                                          */s/Robert A. Conley*_____
                                          Raymond P. Niro
                                          rniro@nshn.com
                                          Robert A. Conley
                                          rconley@nshn.com
                                          Brian E. Haan
                                          bhaan@nshn.com
                                          NIRO, HALLER & NIRO
                                          181 West Madison, Suite 4600
                                          Chicago, IL 60602-4515
                                          Tel: (312) 236-0733
                                          Fax: (312) 236-3137

                                          ***Attorneys for Plaintiff, OnlyWire, LLC***